United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMBERT, an individual; BEVERLY LAMBERT, an individual, <br><br>            Plaintiffs, <br><br>     v. <br><br>CITY OF SANTA ROSA, a chartered city; MATTHEW A. SANCHEZ, individually and as a police officer of the Santa Rosa Police Department; ALISSA JOHNSON, individually and as a police officer of the Santa Rosa Police Department; and DOES 1 to 25, <br><br>            Defendants. | No. C 05-02931 CW <br><br> ORDER GRANTING DEFENDANT SANTA ROSA'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

Defendant City of Santa Rosa moves for summary judgment on Plaintiff William Lambert's § 1983 claim under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), and Plaintiff Beverly Lambert's claim for loss of consortium, to the extent that it is

based on the Monell claim.[1]  Although Plaintiffs filed an opposition to Defendant Santa Rosa's motion, they concede that Defendant Santa Rosa cannot be held liable under Monell.  The matter was submitted on the papers.  Having considered all of the papers filed by the parties and the evidence cited therein, the Court grants Defendant Santa Rosa's motion.

## BACKGROUND

On March 22, 2004, Plaintiffs were having a discussion with their adult son, Jon Lambert; the talking turned into yelling. Mrs. Lambert was sitting in the couch.  When she tried to get up from the couch, her husband pushed her back so that she could not get up.  She began kicking at his legs and swinging her arms.  Mr. Lambert then slapped her two or three times.  When Mrs. Lambert got up, she called 911.

The Santa Rosa dispatcher directed Defendant Sanchez and Officer Johnson to the Lambert home, reporting that there was a family disturbance and that the parties had been drinking.  When the officers arrived at the Lambert home, they interviewed Mr. and Mrs. Lambert separately.  Both parties admitted that Mr. Lambert had struck Mrs. Lambert.  After interviewing Mr. Lambert, Defendant Sanchez determined that probable cause existed to arrest Mr. Lambert for domestic violence.  Mr. Lambert does not dispute the issue of probable cause.  But the parties dispute what happened next.

---

[1] Defendant Matthew Sanchez did not move for summary judgment, and the parties previously stipulated to dismiss all causes of action against Defendant Alissa Johnson.

2

According to Mr. Lambert, Defendant Sanchez asked to see his identification. Mr. Lambert stated that his wallet, with his identification, was in the dining room; he began to walk from the living room to the dining room. Defendant Sanchez told him to stop. Mr. Lambert stopped. Defendant Sanchez instructed Mr. Lambert to turn around and put his hands behind his back. Mr. Lambert did not; instead, he asked to go to the bathroom. Defendant Sanchez then grabbed him and spun him around, twisting his left arm behind his back and knocking him to the ground. Defendant Sanchez had his knee in Mr. Lambert's back and was twisting his right leg. Mr. Lambert begged him to stop, stating that Defendant Sanchez had broken his leg. Defendant Sanchez then used his taser gun on Mr. Lambert's leg.

According to Defendant Sanchez, he attempted to arrest Mr. Lambert in the living room and advised Mr. Lambert to place his hands on his head. Mr. Lambert did not comply with this request. Nor did he comply with Defendant Sanchez's further commands; instead, he resisted arrest. Defendant Sanchez called for backup. He performed a leg sweep, knocking Mr. Lambert to the ground. Once on the ground, Mr. Lambert continued to resist being handcuffed, and Defendant Sanchez utilized a taser. After tasering Mr. Lambert, Defendant Sanchez was finally able to handcuff Mr. Lambert.

Mr. Lambert sustained a fracture of his right tibia, and was taken to the hospital, before being taken to jail. The fractured tibia has required two surgeries and resulted in many months of recuperation.

3

1  Plaintiffs bring this action against Defendant Santa Rosa,
2 Defendant Sanchez and Defendant Johnson.  The first amended
3 complaint alleges common law assault and battery and violation of
4 Mr. Lambert's civil rights pursuant to 42 U.S.C. § 1983 and
5 California Civil Code § 52.1.  In addition, Mrs. Lambert seeks
6 damages for loss of consortium related to Mr. Lambert's injuries.

## LEGAL STANDARD

8  Summary judgment is properly granted when no genuine and
9 disputed issues of material fact remain, and when, viewing the
10 evidence most favorably to the non-moving party, the movant is
11 clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.
12 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
13 Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.
14 1987).

15  The moving party bears the burden of showing that there is no
16 material factual dispute.  Therefore, the court must regard as true
17 the opposing party's evidence, if supported by affidavits or other
18 evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815
19 F.2d at 1289.  The court must draw all reasonable inferences in
20 favor of the party against whom summary judgment is sought.
21 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
22 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
23 1551, 1558 (9th Cir. 1991).

24  Material facts which would preclude entry of summary judgment
25 are those which, under applicable substantive law, may affect the
26 outcome of the case.  The substantive law will identify which facts
27 are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

4

(1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods. Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Id.

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the

5

burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists.  Id.

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition.  Id. This is true even though the non-moving party bears the ultimate burden of persuasion at trial.  Id. at 1107.

## DISCUSSION

Plaintiffs acknowledge that a municipality, such as Defendant Santa Rosa, can be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the constitutional violation at issue; respondeat superior or vicarious liability will not attach under § 1983.  Monell, 436 U.S. at 694-95.  Plaintiffs also acknowledge that a single act of misconduct by a police officer is insufficient to establish an official policy or custom on the part of a municipality.  Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989).  Therefore, they concede that, even though there are disputed facts, Defendant Santa Rosa cannot be held liable under Monell.

But Plaintiffs argue that Defendant Santa Rosa can be held vicariously liable on their State law claims.  As Defendant Santa Rosa clarifies in its reply, however, its motion was not seeking summary judgment on the State law causes of action, except to the extent that the loss of consortium claim is based on an alleged federal civil rights violation by Defendant Santa Rosa.

Because it is undisputed that the Monell claim fails as a matter of law, the Court grants Defendant Santa Rosa summary

1   judgment on Plaintiff William Lambert's Monell claim and grants
2   Defendant Santa Rose partial summary judgment on Plaintiff Beverly
3   Lambert's loss of consortium claim, to the extent that the
4   consortium claim is based on the Monell claim asserted against
5   Defendant Santa Rosa.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Santa Rosa's Motion for Summary Judgment (Docket No. 52) on the Monell claim and the consortium claim, to the extent that the consortium claim is based on the Monell claim.[2]

IT IS SO ORDERED.

Dated: 8/22/06

CLAUDIA WILKEN
United States District Judge

---

[2] Defendant Santa Rosa's motion for judicial notice (Docket No. 56) is also GRANTED.